<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRANDON McDOUGALD,<br><br>                    Plaintiff,<br><br>          v.<br><br>BMW FINANCIAL SERVICES NA,<br>LLC, *et al.*,<br><br>                    Defendants. | Case No. 2:23-cv-02997 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are two motions. The first is Defendant BMW Financial Services NA, LLC's ("BMW FS") Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) *Pro se* Plaintiff Brandon McDougald ("Plaintiff") filed an Opposition (ECF No. 13), BMW FS filed a Reply (ECF No. 18), and Plaintiff filed a Sur-Reply (ECF No. 19). The second is Defendants Experian Information Services, Inc. ("Experian") and Trans Union, LLC's ("Trans Union")[1] (together with Experian, the "Credit Defendants") unopposed Joint Motion for Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 59.) The Credit Defendants filed a Notice of Non-Opposition. (ECF No. 60.) Having reviewed the submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, BMW FS's Motion to Dismiss (ECF No. 12) is **GRANTED**, and the Credit Defendants' Joint Motion for Judgment on the Pleadings (ECF No. 59) is **GRANTED**.

---

[1] Trans Union's counsel submits the company was improperly identified as TransUnion Holding Company Inc. in the Amended Complaint.

I.    BACKGROUND

A.    **Factual Background**

For the purposes of the Motion to Dismiss and the Joint Motion for Judgment on the Pleadings, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon in the complaint." In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

On March 12, 2021, Plaintiff entered into a 36-month lease of a 2021 BMW M440xi Coupe (the "Vehicle") pursuant to a motor vehicle lease agreement (the "Lease") with BMW FS. (ECF No. 9 ¶ 11; Pl.'s Ex. A to the Am. Compl.) The Lease was assigned to and administered by BMW FS. (*Id.*) Plaintiff alleges the Lease constitutes a consumer credit transaction, and that he was required to pay a down payment of $16,000.00. (ECF No. 9 ¶ 12.) In December 2022, BMW FS "charged off" the account and transferred it to recovery.[2] (*Id.* ¶¶ 14–15.) On April 12, 2023, an employee of State Recovery, under the employment of BMW FS "illegally repossessed" the Vehicle.[3] (*Id.* ¶¶ 17–18.) Thereafter, Plaintiff received a letter from BMW FS confirming the sale of the Vehicle via commercial auction and the remaining deficiency balance of $14,644.35. (*Id.* ¶ 23.) Plaintiff alleges that the repossession of the Vehicle has limited his financial income and has caused him to experience severe depression and anxiety. (*Id.* ¶ 24.)

Plaintiff also alleges that BMW FS "began furnishing derogatory remarks" to Plaintiff's

---

[2] Plaintiff provides: "A charge off as defined by Investopedia is when a company has written off a debt because they believe the debit in question will not be dissolved." (*Id.* ¶ 14.)

[3] Plaintiff acknowledges that BMW FS repossessed the Vehicle for his alleged failure to make payments due on the Lease. (*Id.* ¶ 26; *see also* ECF No. 13 ¶ 3.)

consumer report, and the Credit Defendants failed to contact him in order to validate and investigate BMW FS's statements. (*Id.* ¶¶ 27, 29; Pl.'s Ex. I to the Am. Compl.) Plaintiff claims the Credit Defendants "continue to furnish negative remarks and unverified accounts on my consumer report to his day without proper investigation." (*Id.* ¶ 28; Pl.'s Ex. B to the Am. Compl.) Plaintiff submits "[t]he continuation of furnishing inaccurate and unverified accounts . . . has hindered [him] from seeking the financing and credit [he] need[s] to live [his] life effectively and efficiently." (ECF No. 9 ¶ 33.) In total, Plaintiff requests damages in the amount of $1,250,000.00. (*Id.* ¶¶ 34–39.)

### B.  Procedural History

On May 31, 2023, Plaintiff filed the original Complaint. (ECF No. 1.) On July 6, 2023, the Court entered an Order granting Plaintiff's Application to Proceed *in forma pauperis*. (ECF No. 5.) On July 11, 2023, BMW FS filed a Motion to Dismiss the original Complaint. (ECF No. 7.) Thereafter, on July 19, 2023, Plaintiff filed the Amended Complaint[4] naming the following defendants: BMW FS, the Credit Defendants, State Recovery & Subpoena Service Inc. ("State Recovery"),[5] and Equifax Inc. ("Equifax"). (ECF No. 9.) The Amended Complaint is not divided into counts. (*See generally id.*) Instead, Plaintiff cites to the Fair Credit Reporting Act ("FCRA"), the Truth in Lending Act ("TILA"), the Gramm-Leach Bliley Act ("GLBA"), and the Uniform Commercial Code ("UCC") as support for his damages. (*See generally id.*)

Thereafter, on August 16, 2023, BMW FS filed its Motion to Dismiss Plaintiff's Amended

---

[4] In light of the filing of the Amended Complaint, the Court administratively terminated BMW FS's Motion to Dismiss.

[5] On November 1, 2023, the Court entered an Order dismissing the matter as to State Recovery for Plaintiff's failure to effect service pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 34.)

Complaint. (ECF No. 12.) On August 28, 2023, Plaintiff filed an Opposition. (ECF No. 13.) On September 11, 2023, BMW FS filed a Reply in further support of its Motion to Dismiss. (ECF No. 18.) Three days later, Plaintiff filed a Sur-Reply.[6] (ECF No. 19.)

On September 22, 2023, Experian filed an Answer to the Amended Complaint and raised affirmative defenses. (ECF No. 23.) On September 26, 2023, Trans Union filed an Answer to the Amended Complaint and raised affirmative defenses. (ECF No. 24.) Thereafter, Plaintiff filed Motions for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) to gain additional information regarding the Credit Defendants' affirmative defenses. (ECF Nos. 25, 26.) On October 23, 2023, the Credit Defendants filed a Joint Opposition in response to Plaintiff's Motion for a More Definite Statement. (ECF No. 31.) On October 27, 2023, Equifax filed a Motion for Definite Statement pursuant to Federal Rule of Civil Procedure 12(e).[7] (ECF No. 32.) Four days later, the Honorable Jessica S. Allen, U.S.M.J. entered an Order dated October 31, 2023, denying Plaintiff's Motions for a More Definite Statement. (ECF No. 33.) Judge Allen found that Rule 12(e) is inapplicable to answers and affirmative defenses. (*Id.* at 1.)

On February 8, 2024, Judge Allen conducted a telephonic status/settlement conference, and entered a text order whereby Judge Allen: (i) granted Experian's request for leave to file a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c); and (ii) ordered

---

[6] Although Plaintiff did not seek leave of Court prior to filing the Sur-Reply, the Court considered the Sur-Reply in its review of the Motion to Dismiss. *See Washington v. Ellis*, Civ. A. No. 17-07243, 2021 WL 2982175, at *2 (D.N.J. July 15, 2021) ("It is well settled that [a] pro se plaintiff is entitled to a certain degree of leniency so as to ensure that her case is decided on its merits rather than a procedural technical[ity]." (alterations in original) (internal quotation marks and citations omitted)).

[7] Equifax filed a Notice of Settlement on December 14, 2023. (ECF No. 42.) Thereafter, Judge Allen entered a text order denying Equifax's Motion for a More Definite Statement as moot. (ECF No. 43.) On May 21, 2024, the Court entered a Stipulation of Dismissal with Prejudice as to Equifax. (ECF No. 62.)

Trans Union to submit a letter on or before February 15, 2024, confirming whether it seeks leave to move for Judgment on the Pleadings. (ECF No. 55.) The following day, the Court administratively terminated BMW FS's Motion to Dismiss and noted that the Motion "will be reopened once the 12(c) motion is fully briefed so the motions can be reviewed together. In the event a 12(c) motion is not filed, the [Motion to Dismiss] will be reopened." (ECF No. 56.) On February 16, 2024, Judge Allen granted Trans Union's request for leave to join Experian's anticipated Motion for Judgment on the Pleadings. (ECF No. 58.)

On February 23, 2024, the Credit Defendants filed a Joint Motion for Judgment on the Pleadings. (ECF No. 59.) On March 21, 2024, the Credit Defendants filed a Notice of Plaintiff's Non-Opposition to their Joint Motion for Judgment on the Pleadings. (ECF No. 60.) As of the date of this Opinion, Plaintiff has not filed a submission in connection with the Credit Defendants' Joint Motion for Judgment on the Pleadings.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual

allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pleaded; it must include "factual enhancement" and not just conclusory statements or a recitation of the elements of a cause of action. *See id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant[.]" *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). After *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 570). The Supreme Court's ruling in *Iqbal* emphasizes that plaintiffs must show that the allegations of their complaints are plausible. *See id.* at 670.

### B.    Rule 12(c)

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pursuant to Rule 12(c), the movant for judgment on the pleadings must establish: (1) that no material issue of fact remains to be resolved; and (2) the entitlement to judgment as a matter of law. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1988)). In resolving a motion made pursuant to Rule 12(c), the Court must view the facts in the pleadings and the inferences therefrom in the light most favorable to the non-movant. *See id.*

Furthermore, even though a motion for judgment on the pleadings is appropriate after the pleadings have been closed, such a motion is reviewed under the same standards that apply to a motion to dismiss made under Rule 12(b)(6). *See Szczurek v. Pro. Mgmt. Inc.*, 627 F. App'x 57, 60 (3d Cir. 2015) (citing *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)); *see also Muhammad v. Sarkos*, Civ. A. No. 12-7206, 2014 WL 4418059, at *1 (D.N.J. Sept. 8, 2014) (citing *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991)) ("Where a defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), it is treated under the same standards as a Rule 12(b)(6) motion where it alleges that a plaintiff has failed to

state a claim."); *Gebhart v. Steffen*, 574 F. App'x 156, 157 (3d Cir. 2014). Indeed, "[t]he difference between a motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(c) is only a matter of timing and the Court applies the same standard to a Rule 12(c) motion as it would to a Rule 12(b)(6) motion." *Newton v. Greenwich Twp.*, Civ. A. No. 12-238, 2012 WL 3715947, at *2 (D.N.J. Aug. 27, 2012) (citing *Turbe*, 938 F.2d at 428).

## III.   DECISION

BMW FS argues the Amended Complaint should be dismissed because Plaintiff fails to state a claim upon which relief may be granted. (ECF No. 12-1 at 3–8.) Specifically, BMW FS asserts Plaintiff's claims premised upon the TILA, GLBA, FCRA, and UCC fail as a matter of law. (*Id.*) The Credit Defendants submit the Amended Complaint should be dismissed because: (i) they are not subject to liability under Section 1681s-2 of the FCRA; (ii) Plaintiff's FCRA claim also fails because Plaintiff has not identified "inaccurate information" in their reporting; (iii) Plaintiff's claims under the GLBA, UCC, and TILA fail as a matter of law; and (iv) Plaintiff's defamation claim is preempted by the FCRA. (ECF No. 59-1 at 3–9.) The Court addresses each argument, to the extent necessary, in turn.[8]

### A.   The TILA

#### 1.   BMW FS's Motion

BMW FS argues Plaintiff's claim for violations of the TILA fails because there is no right to rescind under the TILA, Plaintiff does not adequately allege a TILA violation, and Plaintiff's

---

[8] The Court notes that it construes the Amended Complaint liberally in favor of Plaintiff. *Woods v. Murphy*, Civ. A. No. 22-4284, 2023 WL 2784408, at *2 (D.N.J. Mar. 31, 2023) (quoting *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established."); *Walker v. Metro. Tower Life Ins. Co.*, Civ. A. No. 15-240, 2016 WL 844838, at *2 (D.N.J. Mar. 4, 2016) ("In a case brought pro se such as this one, the Court must construe the complaint liberally in favor of the plaintiff.").

claim is barred by the statute of limitations. (ECF No. 12-1 at 3–5.) Plaintiff acknowledges that "[BMW FS]'s counsel stated in his motion to dismiss that any TILA claim is time barred and he is correct after doing further research and case studying." (ECF No. 13 at 3.)

The TILA "regulates the relationship between lenders and consumers . . . by requiring certain disclosures regarding loan terms and arrangements." *McCutcheon v. Am.'s Servicing Co.*, 560 F.3d 143, 147 (3d Cir. 2009). The TILA "gives borrowers a civil cause of action against creditors who violate [the required] disclosure provisions." *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500 (3d Cir. 1998). TILA claims must be brought within one year of the alleged violation. *See* 15 U.S.C § 1640(e) ("[A]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation[.]") The one-year statute of limitations begins to run "when the disclosures should have been made but were not." *Alejandro v. Freedom Mortg. Corp.*, Civ. A. No. 22-897, 2022 WL 2068247, at *4 (E.D. Pa. June 8, 2022) (citing *Oldroyd v. Assocs. Consumer Disc. Co./PA*, 863 F. Supp. 237, 240 (E.D. Pa. 1994)). Specifically, "[i]n a case where the alleged violation was the failure to make timely disclosures, the date of the violation is deemed to be the date that the loan transaction was consummated, which is characterized as when the consumer 'becomes contractually obligated on a credit transaction.'" *Id.* (quoting 12 C.F.R. § 1026.2(a)(13)).

Here, Plaintiff alleges BMW FS's requirement of a down payment of $16,000.00 was a violation of the TILA. (ECF No. 9 ¶ 12.) Plaintiff alleges he signed the Lease on March 12, 2021. (ECF No. 9 ¶ 13.) Plaintiff did not file the original Complaint until May 31, 2023. (ECF No. 1.) Accordingly, BMW FS's Motion is **GRANTED** as Plaintiff did not comply with the relevant statute of limitations.

### 2.    The Credit Defendants' Motion

The Credit Defendants assert "Plaintiff has failed to state a plausible TILA claim as to Defendants since he does not, and cannot, allege facts that the Defendants are or were "creditors." Rather Defendants are consumer reporting agencies as defined by § 1681a(f) of the FCRA." (ECF No. 59-1 at 8.) The Court agrees with this argument. *See Veckinburg v. Equifax Info. Servs. LLC*, Civ. A. No. 04-673, 2006 WL 2039969, at *3 (E.D.N.Y. July 21, 2006) ("The [TILA] imposes liability only on creditors, not on consumer reporting agencies. Equifax is not a creditor within the meaning of the [TILA]."); *Peoples v. Equifax Info. Servs. LLC*, Civ. A. No. 23-0617, 2023 WL 5916458, at *3 (E.D. Pa. Sept. 8, 2023) (same). Accordingly, the Credit Defendants' Motion is **GRANTED**.

### B.    The GLBA

BMW FS asserts Plaintiff's claim for violation of the GLBA fails as a matter of law. (ECF No. 12-1 at 5.) Plaintiff concedes "BMW FS counsel is [ ] correct regarding the GLBA causing a private cause of action which is why I am seeking relief pursuant [to the CLRA]." (ECF No. 13 at 3.) The Credit Defendants raise the same arguments as BMW FS. (ECF No. 59-1 at 8.)

The GLBA prohibits financial institutions from "disclos[ing] to a nonaffiliated third party any nonpublic personal information, unless such financial institution provides or has provided [notice] to the consumer[.]" 15 U.S.C. § 6802. Importantly, the GLBA does not create a private cause of action. *See* 15 U.S.C. § 6805 (authorizing enforcement of the regulations upon the "Bureau of Consumer Financial Protection, the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission"); *see also Arce v. Bank of Am.*, Civ. A. No. 13-2776, 2013 WL 6054817, at *7 (D.N.J. Nov. 15, 2013) (dismissing a claim under the GLBA because "it is clear from the language of the statute that Plaintiff cannot bring a private right of

action"). Accordingly, BMW FS and the Credit Defendants' Motions are **GRANTED**.

    **C.**    **The FCRA**

        **1.**    **BMW FS's Motion**

BMW FS asserts Plaintiff fails to state an actionable claim under the FCRA. (ECF No. 12-1 at 6.) BMW submits its duties under 15 U.S.C. § 1681s-2(b) were not triggered because "Plaintiff does not allege that he ever submitted a dispute to the credit reporting agency regarding information furnished by BMW FS." (*Id.*) In opposition to BMW FS's arguments, Plaintiff submits BMW "is in fact correct and I take accountability for not being specific of each account that was disputed in my original complaint." (ECF No. 13 at 3.) Plaintiff asserts that he "employed 'Credit Yourself LLC' on February 16th, 2023 to send disputes regarding the inaccurate information on my consumer report to the three credit bureaus Experian, Equifax, and [Trans Union] including the information furnished by [BMW FS]." (*Id.*) In reply, BMW FS argues Plaintiff fails to state a claim for violation of the FCRA because Plaintiff does not allege that Equifax and the Credit Defendants notified BMW FS of any dispute. (ECF No. 18 at 2.) In sur-reply, Plaintiff submits "[t]here is no Statute or Law that specifically states that it is the job or role of the consumer to verify communication between the Credit Reporting Agencies and The Furnishers of said information. Especially information that the consumer never gave consent to be furnished in the first place." (ECF No. 19 at 3 (citing 15 U.S.C. § 1681i(a)(2)(A)).)[9] Plaintiff further contends

---

[9] Section 1681i(a)(2)(A) provides:

> Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller . . . the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

"BMW FS counsel and all of the other co-defendants listed in this civil case cannot produce a legally binding contract or consent form with my john hancock [sic] expressing my consent to furnish any public or non-public information to my consumer report including the consumer credit transaction agreement entered between myself and [BMW FS]." (*Id.* at 4.)

"The FCRA places certain duties on those who furnish information to consumer reporting agencies." *Simms Parris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011). Section 1681s-2(b) imposes duties on furnishers of information when they receive *notice* of a dispute, including the requirement that they "conduct an investigation with respect to the disputed information," and, if the investigation finds the information to be incomplete, inaccurate, or unverifiable, the furnisher of the information is required to notify all consumer reporting agencies to which the information was furnished and modify, delete, or permanently block the reporting of the information. 15 U.S.C. § 1681s-2(b); *see also Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 11 (D. Mass. 2004) (holding Section 1681s-2(b) imposes a duty upon furnishers of information "to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency" (citation omitted)). To adequately allege a claim under Section 1681s-2(b) of the FCRA, "a plaintiff must demonstrate three specific elements: '(1)[the consumer] sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information.'" *Paredes v. Sallie Mae*, Civ. A. No. 11-2470, 2011 WL 5599605, at *6 (D.N.J. Nov. 16, 2011) (quoting *Cosmas*, 2010 WL 2516468, at *8).

Here, Plaintiff alleges a claim against Defendants "related to inaccurate information furnished on my consumer report" in violation of Section 1681s-2(b). (ECF No. 9 ¶ 37.) Setting

---

15 U.S.C. § 1681i(a)(2)(A).

aside procedural deficiencies[10] and construing Plaintiff's Amended Complaint liberally, the Court

finds that Plaintiff has not sufficiently alleged a claim under Section 1681s-2(b) because Plaintiff

has not alleged the second element, *i.e.¸* that Equifax, the Credit Defendants, or Credit Yourself

LLC notified BMW FS of the disputed information. "Private rights of action are permitted for

claims brought under section 1681s-2(b) where the furnisher has received notice of a dispute from

a credit collection agency. By contrast, there is no private right of action against furnishers of

information where the furnisher has not received such notice." *Cosmas v. Am. Express Centurion*

*Bank*, Civ. A. No. 07-6099, 2010 WL 2516468, at *7 (D.N.J. June 14, 2010) (citations omitted).

Based on the foregoing, the Court finds dismissal of Plaintiff's claim under the FCRA as to BMW

FS is warranted. *See Slimm v. Bank of Am. Corp.*, Civ. A. No. 12-5846, 2013 WL 1867035, at *9

(D.N.J. May 2, 2013) (dismissing Section 1681s-2(b) claim because, amongst other reasons,

Plaintiff failed to allege that the furnisher of information was notified of the dispute); *Peri-Okonny*

*v. Am. Sec. Inc. Co.*, Civ. A. No. 17-13763, 2020 WL 7028815, at *5 (D.N.J. Nov. 30, 2020)

(same); *Voranau v. LoanCare*, Civ. A. No. 19-16825, 2020 WL 13572962, at *3 (D.N.J. Apr. 13,

2020) (holding, without allegations as to notice, "Plaintiff's FCRA claim fails, as [defendant] has

no obligation to investigate a reported disputed unless it receives notice from the [consumer

reporting agencies]" (footnote omitted)).

    Accordingly, BMW FS's Motion to Dismiss the FCRA claim is **GRANTED**.

---

[10] As noted above, in opposition to BMW FS's Motion to Dismiss, Plaintiff asserts he employed
Credit Yourself LLC to send disputes. (ECF No. 13 at 3.) It is well settled that a plaintiff cannot
amend a complaint in a brief opposing a motion to dismiss. *Commonwealth of Pa. ex rel.*
*Zimmerman*, 836 F.2d 173, 181 (3d Cir. 1988); *see also Pue v. N.J. Dep't of Labor*, Civ. A. No.
23-855, 2023 WL 5671561, at *4 n.8 (D.N.J. Sept. 1, 2023) ("While the Court construes Plaintiff's
Amended Complaint liberally, the Court cannot consider new facts presented for the first time in
opposition."); *Knopick v. UBS Fin. Servs., Inc.*, 121 F. Supp. 3d 444, 461 (E.D. Pa. 2015) (noting
that "it is improper to use an opposition to a motion to dismiss to amend a complaint").

### 2.    The Credit Defendants' Motion

The Credit Defendants assert Section 1681s-2 of the FCRA applies to "furnishers of information," and not to consumer reporting agencies like them. (ECF No. 59-1 at 3–4.) The Court is persuaded by this argument. *See Paredes v. Sallie Mae*, Civ. A. No. 11-2470, 2011 WL 5599605, at *4 (D.N.J. Nov. 16, 2011) ("Section 1681s-2 of the FCRA sets forth the general responsibilities of entities that furnish information . . . to consumer reporting agencies. . . . The term 'furnishers of information' is not specifically defined within the FCRA but generally includes any entity that reports information to a [consumer reporting agency] which is relevant to a consumer's credit rating." (citations omitted)). Accordingly, the Credit Defendants' Motion is **GRANTED**.

### D.    The Court Declines Supplemental Jurisdiction Over Plaintiff's Remaining Claims

Having "dismissed all claims over which [this Court] has original jurisdiction" with respect to BMW FS and the Credit Defendants, 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining claims that Plaintiff asserts against BMW FS and the Credit Defendants. *See Elkadrawy v. Vanguard Grp.*, 584 F.3d 169, 174 (3d Cir. 2009). Therefore, to the extent Plaintiff raises claims for defamation, breach of peace, conversion, and causes of action pursuant to the UCC (*see* ECF No. 9 ¶¶ 1, 17–18, 27–28, 34), these claims are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[11]

### IV.    CONCLUSION

For the reasons set forth above, BMW FS's Motion to Dismiss (ECF No. 12) is **GRANTED**. The Credit Defendants' Joint Motion for Judgment on the Pleadings (ECF No. 59)

---

[11] In the Amended Complaint, Plaintiff states that "[t]his is an action . . . pursuant to the . . . UCC §9-609(Comment 3) . . . , UCC §9-625(c)(2), Trespass for New Jersey Breach of Peace, Conversion, [and] Defamation of Character." (ECF No. 9 ¶ 1.) The Court declines to exercise supplemental jurisdiction over these claims.

is **GRANTED**. Plaintiff's claims against BMW FS and the Credit Defendants premised upon the TILA and the GLBA are **DISMISSED WITH PREJUDICE**.[12] Plaintiff's remaining claims— under the FCRA and the UCC as well as claims for defamation, breach of peace, and conversion— against the Credit Defendants and BMW FS are **DISMISSED WITHOUT PREJUDICE**.[13] An appropriate Order follows.

*/s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

Dated:  August 26, 2024

---

[12] "Reasons a court could deny leave to amend include undue delay, bad faith, dilatory motive, prejudice, and futility." *Fonti v. Health Pros. & Allied Emps.*, Civ. A. No. 13-4231, 2015 WL 1523834, at *3 (D.N.J. Apr. 2, 2015) (citing *Burlington Coat Factory*, 114 F.3d at 1434). "An amendment is futile if the amended complaint would not survive a motion to dismiss." *Cnty. of Hudson v. Janiszewski*, 351 F. App'x 662, 666 (3d Cir. 2009) (citing *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)). Plaintiff concedes that he cannot pursue these claims. Accordingly, the Court declines to grant Plaintiff an opportunity to amend as any amendment of the Amended Complaint would be futile.

[13] The Court will not dismiss these claims with prejudice because of the general principle that claims are to be tried on the merits. *See Washington*, 2021 WL 2982175, at *2. Additionally, the Court notes that this is the first time that the Court has addressed the sufficiency of Plaintiff's claims, and Plaintiff has amended the complaint only once.